Below is an Opinion of the Court.

_____
RANDALL L. DUNN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: ) | |
| ) | Bankruptcy Case |
| Rebecca J. Dawson, ) | No. 11-39917-rld13 |
| ) | |
| Debtor. ) | |
| _____) | |
| ) | |
| Shamrock Building Materials, Inc., ) | Adv. Proc. No. 12-03042-rld |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM DECISION |
| ) | (Dismissing First and Second |
| Rebecca J. Dawson, ) | Claims for Relief; Denying |
| ) | Leave to Amend Complaint) |
| Defendant. ) | |
| _____) | |

Defendant Rebecca J. Dawson filed a chapter 13[1] petition on November 18, 2011. In her Schedule F, Ms. Dawson scheduled the unsecured claim of Plaintiff, Shamrock Building Materials, Inc. ("Shamrock"), based

---

[1] Unless otherwise specified, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

Page 1 - MEMORANDUM DECISION (Dismissing First and Second Claims for Relief; Denying Leave to Amend Complaint)

upon a state court judgment ("Judgment"), in the amount of $12,583.64. Shamrock timely commenced an adversary proceeding against both Ms. Dawson and Rebel Country Lumber, LLC ("RCL"), the limited liability company of which Ms. Dawson was the sole member and manager, seeking a determination that the Judgment was nondischargeable.

The underlying facts as stated in the adversary complaint ("Complaint"), are that Ms. Dawson signed a credit agreement ("Credit Agreement") with Shamrock, pursuant to which Shamrock extended credit to Ms. Dawson and RCL by selling them goods on credit. Ms. Dawson purportedly thereafter transferred ownership of RCL to her son, Stephen G. Parker, by means of a gift. Shamrock asserts that while Ms. Dawson held herself out to be the sole member and manager of RCL, she did not participate in the management of RCL. Instead, Ms. Dawson and RCL acted as a "front" for Ms. Dawson's son, Stephen G. Parker, to induce Shamrock to extend credit for use by Mr. Parker, even though Shamrock previously had refused to extend credit.

Shamrock included three claims for relief in its Complaint.

The First Claim for Relief asserts that Ms. Dawson, as the sole member and manager of RCL, owed a duty to RCL's creditors, including Shamrock, to exercise reasonable skill, care, and caution in the management and operation of RCL, and that Ms. Dawson's negligent breach of that duty, as articulated in the Complaint, constituted a defalcation while acting in a fiduciary capacity as contemplated by § 523(a)(4).

The Second Claim for Relief asserts that Ms. Dawson, as the sole member and manager of RCL, owed a fiduciary duty to RCL's creditors,

Page 2 - MEMORANDUM DECISION (Dismissing First and Second Claims for Relief; Denying Leave to Amend Complaint)

including Shamrock, and that Ms. Dawson's breach of that fiduciary duty, as articulated in the Complaint, constituted a defalcation while acting in a fiduciary capacity as contemplated by § 523(a)(4).

The Third Claim for Relief asserts that Ms. Dawson obtained credit from Shamrock on false pretenses, such that Shamrock's claim is nondischargeable pursuant to § 523(a)(2)(A).

Pursuant to Civil Rule 16(c)(2)(A), applicable in this adversary proceeding pursuant to Rule 7016, at any pretrial conference I am authorized to formulate and simplify issues and to eliminate frivolous claims or defenses. To that end, at the initial pretrial conference held April 10, 2012 ("Initial Pretrial Conference"), I dismissed the Complaint as to RCL on the bases that (1) no § 523(a) claim for relief could be stated against RCL in Ms. Dawson's bankruptcy case, and (2) even were RCL to file its own chapter 7 bankruptcy case, as a limited liability company, it would not be entitled to a discharge of its debts under the Bankruptcy Code. My order dismissing RCL as a defendant in this adversary proceeding was entered April 13, 2012. See Docket #9.

At the Initial Pretrial Conference, I also informed Shamrock, through its counsel, that the law in the Ninth Circuit is settled with respect to the requirement that an express or technical trust must be in existence to support a § 523(a)(4) claim for relief based upon the alleged fraud or defalcation of a purported fiduciary. I further informed Shamrock that, on its face, the Complaint did not state facts sufficient to establish a claim that Ms. Dawson had a fiduciary duty to Shamrock as a result of Ms. Dawson's execution of the Credit Agreement.

I set a deadline for Shamrock to provide authority to support its claims that Shamrock and Ms. Dawson were in a fiduciary relationship. Finally, I advised Shamrock that in the absence of such authority, I intended to dismiss the First Claim for Relief and the Second Claim for Relief, both of which depend upon the existence of a fiduciary relationship.

I set May 11, 2012 as the deadline for Shamrock to file a memorandum of authority to pursue its § 523(a)(4) claims for relief against Ms. Dawson. Shamrock timely filed its memorandum ("Shamrock Memorandum"). See Docket #21.

I have reviewed the Complaint, the Shamrock Memorandum, and the law relevant to pleading breach of a fiduciary relationship in the Ninth Circuit, and I conclude that the First Claim for Relief and the Second Claim for Relief should be dismissed for failure to state a claim upon which relief can be granted. My reasons follow.

Civil Rule 8(a), applicable in bankruptcy adversary proceedings pursuant to Rule 7008, sets the requirement for stating a claim for relief in a complaint:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

/ / /

The Ninth Circuit Bankruptcy Appellate Panel ("BAP") recently set forth both the parameters for pleading a claim for relief under Rule 7008 and for my dismissal of a claim for relief that does not comply with Rule 7008.

> Factual allegations in a complaint "must be enough to raise a right to relief above the speculative level," Bell Atl. Corp. v. Twombly, 550 U.S.[544, 555 (2007)], and must be adequate to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, [556 U.S. 662, 678 (2009)]. However, dismissal on the pleadings is appropriate only if the complaint fails to plead facts sufficient "to raise a reasonable expectation that discovery will reveal evidence" supporting relief. Bell Atl. Corp. v. Twombly, 550 U.S. at 556[.]

Charlie Y., Inc. v. Carey (In re Carey), 446 B.R 384, 392 ((9th Cir. BAP 2011).

For Shamrock's Judgment to be nondischargeable under § 523(a)(4), I must find "1) an express trust existed, 2) the debt was caused by fraud or defalcation, and 3) the debtor acted as a fiduciary to the creditor at the time the debt was created." Otto v. Niles (In re Niles), 106 F.3d 1456, 1459 (9th Cir. 1997) (internal quotation marks omitted; emphasis added). The facts as alleged in the Complaint do not support at least two of the elements identified in Niles.

### The Complaint Does Not Plead Facts to Support a Finding That an Express Trust Exists.

The complaint does not state facts sufficient to establish the existence of an express trust, a necessary element of a claim for relief under § 523(a)(4). The Shamrock Memorandum simply acknowledges that an express trust must exist in order to prevail on a claim for relief for

Page 5 - MEMORANDUM DECISION (Dismissing First and Second Claims for Relief; Denying Leave to Amend Complaint)

defalcation of a fiduciary duty. Without law or additional facts to support its conclusion, Shamrock merely states that the Credit Agreement constituted an express trust. It does not. I look to Oregon law, which Shamrock did not, to establish what constitutes an express trust.

> An express trust is created when a grantor or trustor divests herself or himself of full legal and equitable ownership in property with a manifestation of intent to create legal title in a trustee and equitable ownership in a beneficiary.

Brown v. Brown, 206 Or. App. 239, 249, 136 P.3d 745, rev. den., 341 Or. 449, 143 P.3d 772 (2006).

The Complaint contains no allegation that at the time she signed the Credit Agreement, Ms. Dawson divested herself of full legal and equitable ownership of RCL and its assets with a manifestation of intent to create legal title in herself as trustee and equitable ownership in Shamrock as a beneficiary. Ms. Dawson simply committed to be obligated to repay any credit Shamrock might extend to RCL under the Credit Agreement. Thus the Credit Agreement did not create an express trust.

### Ms. Dawson Did Not Act as Shamrock's Fiduciary

> "Fiduciary capacity" is defined and governed by federal law, which narrowly restricts the term to fiduciary relationships that arise from express or technical trusts. Lee-Benner v. Gergely (In re Gergely), 110 F.3d 1448, 1450 (9th Cir.1997)(quoting Ragsdale v. Haller, 780 F.2d 794, 796 (9th Cir.1986)); Lewis v. Scott (In re Lewis), 97 F.3d 1182, 1185 (9th Cir.1996). The broad general definition of a fiduciary relationship, i.e., a relationship of confidence, trust or good faith, is not relevant in the dischargeability context. Ragsdale, 780 F.2d at 796.

/ / /

Page 6 - MEMORANDUM DECISION (Dismissing First and Second Claims for Relief; Denying Leave to Amend Complaint)

T&D Moravits & Co. v. Munton (In re Munton), 352 B.R. 707, 712-13 (9th Cir. BAP 2006).

> Though the definition of "fiduciary capacity" is guided by federal law, we look to state law to determine whether the requisite trust relationship exists. Ragsdale, 780 F.2d at 796. A debtor will be deemed a fiduciary if state law creates an express or technical trust relationship which imposes trustee status upon the debtor. Id.

Munton, 352 B.R. at 713.

As previously discussed, the Credit Agreement did not create an express trust under Oregon law. Without the existence of an express trust, Ms. Dawson will not be deemed a fiduciary to Shamrock with respect to the Credit Agreement under federal bankruptcy law. She therefore could not have been acting as Shamrock's fiduciary for purposes of § 523(a)(4) when the debt to Shamrock was created, i.e., when Shamrock extended credit under the Credit Agreement.

Because the factual allegations in the Complaint do not meet the elements set forth in Niles to establish that Shamrock is entitled to relief under § 523(a)(4), they are not "adequate to state a claim to relief that is plausible on its face." Charlie Y., Inc. v. Carey (In re Carey), 446 B.R. at 392, citing Ashcroft v. Iqbal, 556 U.S. at 678. Further, the Complaint fails to plead facts sufficient to raise a reasonable expectation that discovery will reveal evidence to establish the existence of an express trust. Bell Atl. Corp. v. Twombly, 550 U.S. at 556. Under these circumstances, dismissal of Shamrock's First Claim for Relief and Second Claim for Relief is appropriate.

/ / /

Page 7 - MEMORANDUM DECISION (Dismissing First and Second Claims for Relief; Denying Leave to Amend Complaint)

<u>The Complaint Does Not Allege Facts Sufficient To Support a Claim for Relief for Embezzlement</u>.

Shamrock did not assert a claim for embezzlement in its Complaint, nor has it filed, pursuant to Civil Rule 15, applicable in this adversary proceeding under Rule 7015, a motion for leave to amend the Complaint to include an embezzlement claim. Instead, in the Shamrock Memorandum, Shamrock argues that I should not dismiss the claims actually pled under § 523(a)(4), defalcation while acting in a fiduciary capacity, because the facts alleged support a claim for embezzlement under § 523(a)(4).[2] For the sake of efficiency, I construe the Shamrock Memorandum as Shamrock's motion for leave to amend the Complaint to allege a claim for relief for embezzlement, and I deny that motion.

Shamrock correctly states that a claim for embezzlement under § 523(a)(4) does not require the existence of a fiduciary relationship.

> Under federal law, embezzlement in the context of nondischargeability has often been defined as "the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." <u>Moore v. United States</u>, 160 U.S. 268, 269 (1885). Embezzlement, thus, requires three elements: "(1) property rightfully in the possession of a nonowner; (2) nonowner's appropriation of the property to a use other than which [it] was entrusted; and (3) circumstances indicating fraud." <u>In re Hoffman</u>, 70 B.R. 155, 162 (Bankr. W.D. Ark. 1986); <u>In re Schultz</u>, 46 B.R. 880, 889 (Bankr. D. Nev. 1985).

/ / /

---

[2] Section 523(a)(4) provides –

A discharge under section 727 . . . or 1328(b) of this title does not discharge an individual debtor from any debt –
    (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]

Page 8 - MEMORANDUM DECISION (Dismissing First and Second Claims for Relief; Denying Leave to Amend Complaint)

Transamerica Comm'l Finance Corp. v. Littleton (In re Littleton), 942 F.2d 551, 555 (9th Cir. 1991).

The underlying facts about the Credit Agreement as stated in the Complaint are: the Credit Agreement was signed on January 25, 2011 (¶ 6); the Credit Agreement extended credit from Shamrock to Ms. Dawson and RCL (¶ 7); the Credit Agreement fixed interest on an amount past due at 18% per annum (¶ 8); and pursuant to the Credit Agreement, Shamrock sold goods to Ms. Dawson and RCL on credit. (¶ 9). Shamrock now asserts, as a legal conclusion, that by signing the Credit Agreement, Ms. Dawson gave Shamrock a property interest in RCL and its assets. Shamrock provides no authority to support this interpretation of an agreement to extend credit, and I am unaware of any authority to support such a conclusion. Any transfer of RCL and its assets by Ms. Dawson therefore could not have been the act of a "non-owner" appropriating property to a use other than that for which it was entrusted.

Accordingly, there are no facts in the Complaint to support a claim for relief for embezzlement. Nor do I have a reasonable expectation that discovery would lead to evidence to support a claim for embezzlement.

I have discretion in deciding whether to grant leave to amend a complaint. That discretion, however, is not exercised in a vacuum, but rather I must be mindful of the admonition that I should "freely give leave when justice so requires." Civil Rule 15(a)(2) (emphasis added). Here, I find that it would be a futile exercise to allow Shamrock to amend the Complaint, because the underlying facts or circumstances relied

Page 9 - MEMORANDUM DECISION (Dismissing First and Second Claims for Relief; Denying Leave to Amend Complaint)

upon by Shamrock are not a proper subject for an embezzlement claim for relief.  See Foman v. Davis, 371 U.S. 178, 182 (1962); Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1152 (9th Cir. 2011).

### Conclusion

For the foregoing reasons, I will (1) dismiss the First Claim for Relief and the Second Claim for Relief, and (2) deny Shamrock's motion for leave to amend the Complaint to assert a claim for embezzlement.  I will enter appropriate orders based upon my findings in this memorandum.

Trial in this adversary will proceed only on Shamrock's existing Third Claim for Relief based upon § 523(a)(2).

###

cc: Abraham J. Barnett, Esq.
    Ted A. Troutman, Esq.